[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition for habeas corpus relief from allegedly illegal confinement resulting from convictions on two counts of sexual assault in the first degree, in violation of Connecticut General Statutes Section 53a-70, for which the petitioner received a total, effective sentence of twenty-four years incarceration, to be served concurrently with a violation of probation and an out of state sentence.
The court makes the following findings. The petitioner was serving a two to four year sentence in New York for a parole violation when Connecticut filed a detainer with the New York authorities, then holding the petitioner, arising out of an alleged sexual assault in New Haven (Respondent's Exhibit 4). At the time the detainer was filed, the petitioner had served, with good time accrued, about a third of the New York sentence (Respondent's Exhibit 4). In response to the detainer, on June 12, 1989, the petitioner filed a request for disposition of his Connecticut charges, and, as a result of this request, was transferred to Connecticut for that purpose (Respondent's Exhibit 4).
In February 1990, jury selection began, and, after a few days of voir dire, the petitioner reached a plea agreement with the prosecuting authority. The agreement was that, in exchange for the petitioner's pleas of guilty to two counts of sexual assault first degree, the prosecutor would nolle a kidnapping first degree charge and a burglary third degree charge and recommend a total, effective sentence of twenty-four years to serve, concurrent with a Connecticut violation of probation sentence and the New York sentence.
Before changing his pleas, the petitioner discussed the arrangement with his public defender, Attorney Donald Dakers. The petitioner inquired as to whether he would serve the proposed sentence in Connecticut or would have to return to New York. Attorney Dakers advised the petitioner that, because the Connecticut sentence was longer than the concurrent New York sentence, the petitioner would serve the sentence in Connecticut. Attorney Dakers engaged in no specific research regarding this CT Page 9519 question, but based the answer on his belief at the time.
On February 20, 1990, the petitioner withdrew his previous not guilty pleas and entered guilty pleas, under the Alford doctrine, to the two sexual assault counts. During the canvass of the guilty pleas, the trial court specifically asked the petitioner if any promises, besides the plea agreement stated on the record, had been made to the petitioner to induce him to plead guilty. The petitioner denied any such other promises (Respondent's Exhibit 1, p. 8). The trial court also warned the petitioner, that, as long as the trial court imposed the recommended sentences, the petitioner could not withdraw his guilty pleas, and the petitioner acknowledged understanding this admonition (Respondent's Exhibit 1, p. 8).
At the habeas hearing Attorney Dakers testified and opined that the state's case against the petitioner was a strong one. The petitioner conceded, during the plea canvass, that conviction was likely based on the state's evidence (Respondent's Exhibit 1, p. 13). The prosecutor's summary of the evidence of the rape, recited during the plea canvass, confirms the strength of the case against the petitioner (Respondent's Exhibit 1, pp. 9 through 13).
On April 20, 1990, the original sentencing date, the petitioner asked for permission to withdraw his guilty pleas, on grounds other than that asserted in this habeas petition (Respondent's Exhibit 2, p. 10). On April 27, 1990, the trial court, after a hearing, denied this request and sentenced the petitioner in accordance with the terms of the plea agreement (Respondent's Exhibit 3, pp. 5 and 9).
A few days after sentencing, the petitioner was returned to New York where he remained until the New York sentence was completed. Upon completion, the petitioner was returned on November 1, 2991, to Connecticut to finish serving the Connecticut sentences. While in New York, the petitioner filed an appeal of his Connecticut convictions claiming, inter alia, that Attorney Dakers rendered ineffective assistance by misinforming the petitioner that he would remain in Connecticut to serve all sentences (Respondent's Exhibit 5, pp. 10 through 14). Our Appellate Court affirmed the convictions by memorandum decision, State v. Reed, 25 Conn. App. 804 (1991), which memorandum omits stating reasons for the decision.
On December 4, 1991, the petitioner filed this habeas corpus CT Page 9520 action. In an amended petition, the petitioner contends that his public defender rendered ineffective assistance by misadvising him as to the situs of the service of his sentences. The respondent counters that the petitioner is barred from asserting this claim by the doctrines of res judicata and mootness.
Our Supreme Court has adopted the two-pronged Strickland test for claims of ineffective assistance, Ostolaza v. Warden, 26 Conn. App. 758
(1992), p. 761. This test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different, Ibid.
In the context of a claim of ineffective assistance with respect to a guilty plea, the second, or "prejudice", prong of the Strickland test requires that the petitioner show that there was such an interrelationship between the ineffective assistance of counsel and the guilty plea that it can be said that the plea was not voluntary and intelligent because of the ineffective assistance, Myers v. Manson, 192 Conn. 383 (1984), p. 393.
In the present case, the court finds that the petitioner has failed to meet this heavy burden. While the court finds that the petitioner did desire to complete service of his sentences in Connecticut, rather than return to New York, and that Attorney Dakers did incorrectly inform the petitioner that it was likely his desire would come to pass, the petitioner has not satisfied the court that this misadvice played a substantial role in his decision to plead guilty. The petitioner must prove that "this misstatement was a significant factor that triggered his guilty plea," Ibid, p. 396. Here, the petitioner was facing a possible sentence, after trial, of up to seventy years confinement, with a ten year minimum sentence for a kidnapping first degree conviction. The state's case against the petitioner was a strong one, as acknowledged by the petitioner during the plea canvass and his trial attorney during the habeas hearing, and the trial court characterized the rape as "one of the most vicious sexual assaults" he had ever encountered (Respondent's Exhibit 3, p. 7). The petitioner was already serving the New York sentence for a parole violation, had a Connecticut violation of probation pending, and had a previous criminal history involving prison sentences. Jury selection had begun, and trial was imminent.
The petitioner acknowledged during the plea canvass, on the CT Page 9521 record, that the reason he was pleading guilty under the Alford doctrine was "to accept the sentence recommendation of a total effective sentence of twenty-four years" (Respondent's Exhibit 1, p. 13). Also, the petitioner specifically stated, again on the record, that no other promises had been made to cause him to plead guilty (Respondent's Exhibit 1, p. 8). Like the petitioner in Myers v. Manson, supra, who expected to serve his sentence in a "country club" federal prison in Florida, the petitioner's present version of his reasons for pleading guilty fails to conform with his representations to the trial court, Ibid, p. 398.
Because the court has found that the petitioner has failed to meet his burden in this regard, the court need not address the issues of res judicata and mootness.
The petition is dismissed.
BY THE COURT,
Samuel J. Sferrazza Judge, Superior Court
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 9535